# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-40018
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HUGO HERRERA-SALAZAR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2181-1

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Hugo Herrera-Salazar appeals his conviction and sentence for unlawful reentry in violation of 8 U.S.C. § 1326. Because his arguments are foreclosed by circuit precedent, we affirm.

Herrera-Salazar first challenges the manner in which this court reviews sentences for reasonableness in light of United States v. Booker, 543 U.S. 220 (2005). He does not challenge any factual or legal determinations made by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court or its application of the 18 U.S.C. § 3553(a) factors, nor does he attempt to rebut the presumption of reasonableness. As Herrera-Salazar concedes, his challenge to the presumption of reasonableness that we apply to a sentence falling within a properly calculated range under the Sentencing Guidelines is unavailing. See Rita v. United States, 127 S. Ct. 2456, 2463-68 (2007); United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006). For these reasons, we need not reach the Government's argument that Herrera-Salazar failed to preserve and properly brief the issues he raises on appeal.

Herrera-Salazar also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.